# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DALE D. JOHANNES,

        **Plaintiff,**

NETWORK HEALTH PLAN, TOUCHSTONE
HEALTH PLAN, INC. and STATE OF
WISCONSIN,

        **Involuntary Plaintiffs,**

        v.                                                   Case No. 07-C-859

WAL-MART STORES, INC., LOUISVILLE
LADDER GROUP, LLC, and DAVISON
LADDERS TENNESSEE, INC.,

        **Defendants.**

# DECISION AND ORDER

This action commenced in the Circuit Court of Green Lake County, Wisconsin, and on September 21, 2007, the defendants filed a notice of removal. The case was removed on the basis of the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Dale Johannes ("Johannes") filed a motion to remand, which is currently pending before the Court.

## BACKGROUND

According to the complaint, Johannes purchased a Davison ladder at Wal-Mart. Subsequently while climbing the ladder at his residence, the ladder allegedly twisted causing Johannes to fall to the ground and suffer severe injuries. (Compl. ¶ 21.) The Wisconsin

Department of Health and Family Services paid a portion of Johannes's medical benefits in the amount of $8,852.52.

Johannes sued Wal-Mart, Louisville Ladder Group, LLC, ("Louisville Ladders") and Davidson Ladders Tennessee, Inc., ("Davidson Ladders") alleging negligence, strict liability, and breach of implied warranty. Wal-Mart is incorporated under the laws of Delaware and its principal place of business is in Arkansas. Louisville Ladders's principal place of business is in Kentucky, and Davidson Ladders's principal place of business is in Tennessee. (*Id.* at ¶¶ 7, 9.) Johannes is a citizen of Wisconsin.

## DISCUSSION

Removal generally is only appropriate if the Court has original jurisdiction over the action. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). The party seeking removal bears the burden of establishing federal jurisdiction and removal statutes are narrowly construed. *Id.* Any doubt regarding jurisdiction is resolved in favor of the states. *Id.*

It is well-settled law that a state is not a citizen for purposes of diversity. *Indiana Port Comm'n v. Bethlehem Steel Corp.*, 702 F.2d 107, 109 (7th Cir. 1983). Nevertheless, "a political subdivision of a State, unless it is simply the arm or alter ego of the State, is a citizen of the State for diversity purposes." *Moor v. County of Alameda*, 411 U.S. 693, 717 (1973) (citations and internal quotation marks omitted).

The question, therefore, is whether the Wisconsin Department of Health and Family Services (the "Department"), which is a subrogated plaintiff in this action, is an independent political subdivision or an arm of the State of Wisconsin. The Court's analysis will be guided by the following four factors: (1) whether the Department may sue and be sued in its own name; (2) whether any legislative provision states that the Department performs an essential governmental function; (3) whether the Department has power to buy or sell property in its own name; and (4) whether the Department is accorded independent status under state law. *Adden v. Middlebrooks*, 688 F.2d 1147, 1153 (7th Cir. 1982).

Section 49.89(2) of the Wisconsin Statutes concerns the Department's right to sue. It provides, in relevant part:

> The department of health and family services . . . is subrogated to the rights of the recipient, beneficiary or estate and may make a claim or maintain an action or intervene in a claim or action by the recipient, beneficiary or estate against the 3rd party.

While § 49.89(2) grants the Department a right to sue in its own name, the right is limited to suing as a third party plaintiff seeking its subrogation rights. In other words, § 49.89(2) does not give the Department the affirmative right to sue in its own name. Accordingly, the first factor weighs in favor of finding that the Program is an arm of the State of Wisconsin. *See Bosse v. Pitts*, 455 F. Supp. 2d. 868, 874 (W.D. Wis. 2006)

Next, is there a legislative provision that states that the Department performs an essential governmental function. Governmental functions are those involving the kind of power expected of a government, "those of the essence of governing, public, mandatory or

3

essential." *Kimps v. Hill*, 200 Wis.2d 1, 20 n. 12 (1996) (citations omitted). While no provision explicitly states that the Department performs "essential" governmental functions, the Department's duties include maintaining a public health system, advising the legislature with regard to health, distributing state and federal public health funds, administering programs for the control and prevention of public health problems, and providing facilities and services to protect the public from sexually violent persons. *See* Wis. Stat. §§ 250.03; 250.04; 980.12. Such functions are generally seen as essential state governmental functions because the state government is expected to use its power to maintain social order and provide for the health and safety of its citizens. *See, e.g., Barnes v. Glen Theatre, Inc.*, 501 U.S. 560, 569 (1991) ("The traditional police power of the States is defined as the authority to provide for the public health, safety, and morals.") The second factor, therefore, also weighs in favor of finding the Department to be an arm of the State.

Third, the Court finds no statutory provision that grants the Department the right to buy or sell property in its own name. Accordingly, the third factor weighs in favor of finding that the Department is an arm of the State as well.

Finally, no provision of the Wisconsin statutes provides that the Department is accorded independent status under Wisconsin law. Indeed, to the contrary, section 15.19 of the Wisconsin Statutes states that the Department is under the direction and supervision of the Secretary of Health and Family Services, who is an executive officer appointed by the

4

governor. As such, the final factor also weighs in favor of finding that the Department is an arm of the State of Wisconsin.

None of the factors support a finding that the Department is an entity separate and distinct from the State of Wisconsin. It follows, therefore, that the Department is an arm of the State and is not a "citizen of a state" for purposes of this Court's diversity jurisdiction. Accordingly, removal was improper and this action must be remanded back to the Circuit Court of Green Lake County.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Johannes' Motion to Remand (Docket No. 15) is **GRANTED**.

This matter is **REMANDED** to the Circuit Court of Green Lake County.

Dated at Milwaukee, Wisconsin this 22nd day of April, 2008.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**